UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OSCAR VERA CASTREJON,<br><br>    Plaintiff,<br><br>v.<br><br>IVY MEDICAL, PLLC, an Idaho Professional Limited Liability Company; SAMANTHA HARRIS, in her individual capacity; LYNDSEY BENEDICT, in her individual capacity; MICHAYLA TRAMMELL, in her individual capacity; LORA ROBERTS, in her individual capacity; and DOES 1 through 110,<br><br>    Defendants. | Case No. 1:21-cv-00354-AKB<br><br>**MEMORANDUM DECISION AND ORDER RE MOTION TO DISMISS** |

Before the Court are Defendants' Motion to Dismiss (Dkt. 37) and Motion in Limine/Motion to Strike Re: Declaration of Jennifer Shrack Dempsey in Support of Plaintiff's Response to Defendants' Motion to Dismiss (Dkt. 42). The Court finds oral argument would not significantly aid its decision-making process and decides the motions on Plaintiff Oscar Vera Castrejon's Amended Complaint (Dkt. 30) and the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons discussed, the Court grants Defendants' motion to dismiss and denies Defendants' motion to strike as moot.

## I.  BACKGROUND

Vera Castrejon was in the custody of the Twin Falls County jail from September 6 until November 13, 2019. (Dkt. 1 at ¶ 14). On November 13, he was released from custody when he was transported "to a medical facility due to severe blood and bladder infection incurred while in

**MEMORANDUM DECISION AND ORDER RE MOTION TO DISMISS - 1**

custody." (*Id.*). Thereafter, Vera Castrejon filed this action on September 2, 2021, against Defendants Twin Falls County and Sheriff Tom Carter. Vera Castrejon alleged a claim under 42 U.S.C. § 1983 for violating his Fourteenth and Eighth Amendment rights against cruel and unusual punishment. (Dkt. 1 at ¶¶ 20-23).

In support of this claim, Vera Castrejon alleged that he "required special medical attention, including the use of a new or sterilized rubber catheter with each urination"; the County and Sheriff Carter "were aware of [his] special medical needs and acted with deliberate indifference to those special medical needs"; they "refused to provide [him] with adequate medical supplies, prescription medication, and/or medical care"; and they "required him to use and re-use disposable catheters with each urination in direct contravention of his health care provider's advice and the medical device's manufacture instructions." (*Id.* at ¶¶ 15-18). Additionally, in his original complaint, Vera Castrejon alleged fictitiously named Doe defendants "provided medical care on behalf of Defendant County to inmates." (*Id.* at ¶ 9).

Sometime later, Vera Castrejon's counsel learned that the County contracted with Defendant Ivy Medical, PLLC, to provide medical services for its inmates and that Ivy Medical either employed or "worked with" Defendants Samantha Harris, Lyndsey Benedict, Michayla Trammell, and Lora Roberts. In January 2023, Vera Castrejon moved to modify the scheduling order, to amend his complaint to add new defendants, and to voluntarily dismiss Sheriff Carter and the County. (Dkt. 22). The County and Sheriff Carter opposed Vera Castrejon's motion to amend to add new defendants, although they did not argue the amendment would be futile. (Dkt. 23). The Court granted Vera Castrejon's motion, and he filed an amended complaint in August 2023, alleging his § 1983 claim against Ivy Medical, Harris, Benedict, Trammell, and Roberts. (Dkt. 30

at ¶¶ 6-10). Vera Castrejon's allegations in support of his § 1983 claims against these Defendants are the same as his original allegations against the County and Sheriff Carter.

## II.  ANALYSIS

### A.  Legal Standard

Defendants move to dismiss Vera Castrejon's amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing his claim is barred by the statute of limitations and fails to state a claim for relief. (Dkt. 37-1). A complaint barred by the statute of limitations is subject to dismissal under Rule 12(b)(6). *Jones v. Bock*, 549 U.S. 199, 214-15 (2007). Rule 12(b)(6) also tests the legal sufficiency of a complaint's allegations. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and giving "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the complaint "does not need detailed factual allegations" to survive a motion to dismiss, the complaint must contain "more than labels and conclusions." *Id*. In other words, the complaint must contain sufficient facts to state a claim of relief that is "plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content allowing the Court to reasonably infer the defendant is liable for the misconduct alleged. *Id.* at 556.

In assessing claims under Rule 12(b)(6), the district court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). As the Ninth Circuit stated in *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011), however, more than simple

recitation of the elements of a cause of action are required to trigger this presumption of truthfulness:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.* at 1216; *see also AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (ruling *Starr* standard applied to pleading policy or custom for claims against municipal entities).

**B.    Failure to State a Claim**

Defendants argue Vera Castrejon's amended complaint fails to state a plausible claim for relief. (Dkt. 37-1 at p. 9). "Traditionally, the requirements for relief under [§] 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In other words, courts have required plaintiffs to show that "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). The Supreme Court has held that a prison official's deliberate indifference to a convicted prisoner's serious medical needs violates the Eighth Amendment's Cruel and Unusual Clause. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Likewise, a prison official's deliberate indifference to a pretrial detainee's serious medical needs violates the Fourteenth Amendment's Due Process Clause. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1122 (9th Cir. 2018).

1.     **Individual Defendants**

Different standards apply for purposes of evaluating a § 1983 claim for deliberate indifference to serious medical needs brought by a pretrial detainee versus a convicted prisoner. *Gordon*, 888 F.3d at 1122. A pretrial detainee's right to adequate medical care arises under the Fourteenth Amendment, and a claim for a violation of this right is evaluated under an objective standard of deliberate indifference.[1] *Id.* at 1124-25. The elements of a pretrial detainee's medical care claim against an individual defendant are:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125 (quotations omitted). Whether a defendant's conduct is objectively unreasonable will necessarily turn on the facts and circumstances of each case. *Id.* (quotations omitted). A plaintiff, however, must prove "something akin to reckless disregard" and more than a mere lack of care or negligence, which is inadequate to deprive the plaintiff of his life, liberty, or property under the Fourteenth Amendment. *Id.* (quotations omitted).

Vera Castrejon fails to allege these elements against the individual Defendants. Even more problematic, Vera Castrejon fails to make any specific allegations about his medical care. For example, he does not allege what his "special medical needs" are; he does not allege how

---

[1]     In contrast, a convicted prisoner must make a heightened showing of subjective deliberate indifference under the Eighth Amendment. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1122-24 (9th Cir. 2018). As Defendants note, Vera Castrejon does not allege whether he was incarcerated as a convicted prisoner or a pretrial detainee. For purposes of resolving Defendants' motion to dismiss, the Court assumes the more lenient objective standard applies. Because it assumes Vera Castrejon's status as a pretrial detainee and concludes he fails to state a claim under the more lenient standard, the Court need not address Defendants' motion to strike Vera Castrejon's counsel's declaration regarding his status while detained.

**MEMORANDUM DECISION AND ORDER RE MOTION TO DISMISS - 5**

Defendants knew about his medical needs; he does not allege any specific conduct on behalf of any specific Defendant or attempt to describe that conduct, even if he is unaware of which Defendant was responsible for the conduct; and he does not allege "something akin to reckless disregard." *Id.*

The Court disagrees with Vera Castrejon's argument he "does not at the pleading stage [have to] detail *precisely* who on the medical team did and did not engage in discrete moments of unconstitutional medical care." (Dkt. 40 at p. 13). Although Vera Castrejon's allegations need not be "precise," he must at least allege each individual Defendant's wrongful conduct to state a claim for relief against that individual. Generally alleging the medical team "personally participated" in Vera Castrejon's medical care is inadequate to state a claim for relief against every or any of the individual Defendants on the purported medical team. Vera Castrejon's allegations state nothing more than labels and conclusions and are the type of allegations against which *Twombly* warned do not satisfy Rule 8's pleading requirements. *See Twombly*, 550 U.S. at 555 (explaining complaint must contain "more than labels and conclusions").

      **2.**     **Defendant Ivy Medical**

Likewise, Vera Castrejon fails to state a claim against Ivy Medical. A municipality or other local government may be liable under § 1983 only if the governmental body itself violates a person's rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978). Municipalities "are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citation omitted). Rather, a plaintiff who seeks to impose liability on a local government under § 1983 must prove that an action under an official municipal policy caused his injury. *Connick*, 563 U.S. at 60. Under certain circumstances, a plaintiff may assert a § 1983 claim under a *Monell*-theory of liability against a private entity, such as Ivy Medical. *Tsao v. Desert*

**MEMORANDUM DECISION AND ORDER RE MOTION TO DISMISS - 6**

*Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). To assert a *Monell* claim against a private entity, the plaintiff must generally show the entity acted under color of law. *Id.* at 1139.

A *Monell* claim against a municipality may be stated under three theories of liability: (1) when an official policy or established custom inflicts a constitutional injury; (2) when acts or omissions amount to a policy of deliberate indifference to a constitutional right; or (3) when an official with final policy-making authority ratifies a subordinate's unconstitutional conduct. *Clouthier v. Cnty. of Contra Costa,* 591 F.3d 1232, 1249-50 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016) (en banc). Deliberate indifference is "a stringent standard of fault," requiring proof the actor disregarded a known or obvious consequence of his action. *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 410 (1997). Ordinarily, a pattern of similar constitutional violations by untrained employees is necessary to demonstrate deliberate indifference for purposes of showing a government entity's failure to train. *Connick*, 563 U.S. at 62.

In this case, Vera Castrejon fails to allege a *Monell* claim against Ivy Medical. Vera Castrejon's allegations are inadequate in numerous respects. For example, Vera Castrejon does not allege Ivy Medical was acting under color of law for purposes of imposing § 1983 liability on it. Further, other than generally alleging his Eighth and Fourteenth Amendment rights were violated, Vera Castrejon does not allege any of the elements necessary to state a *Monell* claim under any of three available theories of liability. He does not allege that Ivy Medical had a custom, practice, or policy to inflict constitutional injury; its acts or omissions amounted to a policy of deliberate indifference to his constitutional rights; or a policymaker ratified a subordinate's unconstitutional conduct.

**MEMORANDUM DECISION AND ORDER RE MOTION TO DISMISS - 7**

Having failed to allege most of the essential elements of a *Monell* claim, Vera Castrejon has failed to state a claim for relief against Ivy Medical. Vera Castrejon argues in opposition to Defendants' motion to dismiss that "[he] intends to prove that Ivy Medical has a policy and custom to train and direct its employees to re-use catheters in direct contravention of the directive of an inmates' [sic] health care provider and the manufacturer instructions or to otherwise ignore [his] requests for critical medical care." (Dkt. 40 at p. 15). Vera Castrejon, however, did not allege any of these facts, and subjecting Defendants to the expense of discovery and continued litigation based on Vera Castrejon's conclusory allegations would be unfair. *See Starr*, 652 F.3d at 1216 (ruling it is "unfair to require the opposing party to be subjected to the expense of discovery and continued litigation" where plaintiff's allegations fail to state a plausible claim for relief).

Despite being given the opportunity to amend his complaint, Vera Castrejon fails to allege anything more than bare "labels and conclusions" of deliberate indifference. These allegations are inadequate to satisfy Rule 8(a)(2)'s pleading requirements. *See Twombly*, 550 U.S. at 555 (ruling allegations of labels and conclusions are inadequate). Accordingly, the Court concludes Vera Castrejon has failed to state a claim for relief, grants Defendants' motion to dismiss, and denies Vera Castrejon's request for leave to amend his complaint again.

C.   **Statute of Limitations**

Any amendment would be futile because Vera Castrejon's claim against Defendants is barred by the statute of limitations, which is an independent, alternative basis to grant Defendants' motion to dismiss. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (denying leave to amend proper where amendment would be futile). Section 1983 does not contain its own statute of limitations.  In the absence of a federal limitations period, federal courts generally apply the forum state's statute of limitations for personal injury actions.  *Butler v. Nat'l Cmty.*

**MEMORANDUM DECISION AND ORDER RE MOTION TO DISMISS - 8**

*Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014). Idaho's statute of limitations for personal injury claims is two years. I.C. § 5-219; *see Joseph v. Boise State Univ.*, 998 F. Supp. 2d 928, 948 (D. Idaho 2014), *aff'd*, 667 F. App'x 241 (9th Cir. 2016).

Vera Castrejon does not dispute his amended complaint was filed more than two years after his cause of action accrued.[2] Instead, he argues his claim relates back to his original complaint. (Dkt. 40 at pp. 5-11.) To determine whether an amended claim relates back where the statute of limitations is derived from state law, federal courts must consider both state and federal law and employ whichever affords the more permissive relation back standard. *Butler*, 766 F.3d at 1200-02. Under both the Federal Rules of Civil Procedure and the Idaho Rules of Civil Procedure, Rule 15(c) governs when an amendment to a pleading relates back. With one exception, the language of these rules is identical.[3] Further, the Idaho Supreme Court has held that Idaho's Rule 15(c) should be interpreted in conformity with the federal rule. *Chacon v. Sperry Corp.*, 723 P.2d 814, 819 (Idaho 1986); *see Rodriguez v. Rodriguez*, No. 1:15-CV-00296-CWD, 2017 WL 1025666, at *5, n.3 (D. Idaho Mar. 16, 2017).

At issue, then, is whether Vera Castrejon's amended complaint relates back under Rule 15(c)(1)(C). It provides that:

> (1) An amendment to a pleading relates back to the date of the original pleading when:
> . . . .

---

[2]  Vera Castrejon alleges Defendants "had contact" with him while he was in custody from September 6 until November 13, 2019. Assuming Vera Castrejon's allegations to be true, the two-year statute of limitation expired on November 13, 2021.

[3]  Both the federal and the state versions of Rule 15(c)(1)(C) contain a timeframe within which an amendment must occur, and that timeframe is based on the time allowed for service of the summons and complaint under the respective jurisdiction's Rule 4. Fed. R. Civ. P. 15(c)(1)(C); I.R.C.P. 15(c)(1)(C). Under the federal rules, a plaintiff has 90 days within which to accomplish service; meanwhile, under the Idaho rules, a plaintiff has 182 days. *Compare* Fed. R. Civ. P. 4(m) (providing 90 days) *with* Idaho R. Civ. P. 4(b)(2) (providing 182 days). In this case, Vera Castrejon's amendment did not occur within the more lenient 182 days of his original complaint.

**MEMORANDUM DECISION AND ORDER RE MOTION TO DISMISS - 9**

>   (b) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleadings, or
>   (c) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) [or Rule 4(b)(2) under the Idaho's rule] for serving the summons and complaint, the party to be brought in by amendment:
>       (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>       (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity

Fed. R. Civ. P. 15(c)(1)(C); Idaho R. Civ. P. 15(c)(1)(C). Under this rule, the plaintiff must meet the following conditions for an amendment to relate back to the original complaint: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be added must have received notice such that it will not be prejudiced in maintaining its defense; and (3) that party must or should have known that, but for a mistake concerning identity, the plaintiff would have brought his action against it.[4] *Butler*, 766 F.3d at 1202.

Although Vera Castrejon meets the first condition, he cannot establish the second—namely that Defendants received notice within 182 days of the filing of his original complaint on September 2, 2021—or by March 2022. Idaho R. Civ. P. 15(c)(1)(C)(i) (requiring notice). Attempting to avoid this condition, Vera Castrejon suggests the Court can extend the 182 days within which service must occur under Rule 4(b)(2) of the Idaho Rules of Civil Procedure and argues this Court already found "good cause" for such an extension in its prior order. (Dkt. 40 at

---

[4] Vera Castrejon quotes a different test in his brief opposing Defendants' motion to dismiss. Specifically, he relies on a test set forth in *Chacon v. Sperry Corp.*, 723 P.2d 814, 820 (1986), for determining whether an amendment to add the true name of a party previously described only fictitiously relates back to the original complaint. As the Idaho Supreme Court expressly stated in *Chacon*, however, that test is no longer applicable under Idaho law. *Id.* at 819-20. Rather, the Court concluded that after *Chacon's* remittitur, "any amendment applied to fictitious party pleadings filed under [Rule 10(a)(4) of the Idaho Rules of Civil Procedure] will relate back to the date of the original filing only if the requirements of Rule 15(c) are complied with." *Chacon*, 723 P.2d at 818.

**MEMORANDUM DECISION AND ORDER RE MOTION TO DISMISS - 10**

p. 9). The Court's finding in that order, however, related to good cause under Rule 16 to modify the scheduling order. (Dkt. 27 at p. 3). Vera Castrejon cites no authority in support of the proposition that the finding of good cause under Rule 16 is the same as a finding of good cause under Rule 15 or that the Court has the authority to modify Rule 15(c)(1)(C) by extending the timeframe under Rule 4(b)(2).

Also, Vera Castrejon's reliance on *Rodriguez*, 2017 WL 1025666, is misplaced. Relying on that case, Vera Castrejon argues the Court may infer actual notice to Defendants under a theory of "community of interest." (Dkt. 40 at p. 10). In *Rodriguez*, the plaintiff sued a county and described Doe defendants in his original complaint as county employees who committed certain conduct. 2017 WL 1025666 at *1-2. After the statute of limitation had expired, the plaintiff moved to amend his complaint to identify four county employees as named defendants. *Id.* at *4. In determining whether the plaintiff had met the notice requirement under Rule 15(c)(1)(C)(i), the magistrate court considered the "community of interest" theory, which "allows courts to infer notice when the party actually notified and the party assumedly notified are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Rodriguez*, 2017 WL 1025666 at *6 (quotations omitted).

Under this theory of community interest, the magistrate court in *Rodriguez* ruled that, because the amendments named employees of the county which were already defendants and because the employees were represented by the same counsel as the county, the plaintiff had satisfied the notice requirement under Rule 15(c)(1)(C)(i). *Rodriguez*, 2017 WL 1025666 at *7. Additionally, the court ruled the plaintiff also satisfied the condition in Rule 15(c)(1)(C)(ii) that the employees knew or should have known the action would have been brought against them

because the plaintiff specifically described their conduct in the original complaint. *Rodriguez*, 2017 WL 1025666 at *8; *see also Blackhawk v. City of Chubbuck*, No. CV-04-629-E-BLW, 2005 WL 3244406, at *1-2 (D. Idaho Nov. 21, 2005) (relying on community of interest theory).

In contrast to *Rodriguez*, Defendants in this case are not employees of either of the original defendants, the County or Sheriff Carter. Rather, Vera Castrejon only alleges that Ivy Medical has a contract with the County and that Harris, Benedict, Trammel, and Roberts "worked with or for" Ivy Medical. (Dkt. 30 at ¶¶ 7-10). This relationship is distinguishable from the closer employee/employer relationship between the original defendant and the new defendants in *Rodriguez*. Further, none of Defendants in this case are represented by the same counsel as the County and Sheriff Carter. Although Vera Castrejon points to the fact that the original defendants' counsel refused to stipulate to allow Vera Castrejon to amend his complaint because Ivy Medical contracted with the County, that communication did not occur until December 2022 and is an inadequate basis to assume Ivy Medical and the individual Defendants had actual notice of Vera Castrejon's complaint by March 2022 under Rule 4(b)(2) of the Idaho Rules of Civil Procedure.

Moreover, Vera Castrejon fails to make any argument he satisfies the requirement under Rule 15(c)(1)(C)(ii), requiring that Defendants must or should have known that, but for a mistake concerning identity, Vera Castrejon would have brought his action against them. Unlike *Rodriguez*, Vera Castrejon did not specifically allege Defendants' conduct in the original complaint in a manner that would or should have indicated to them they were the proper defendants. Instead, Vera Castrejon only alleges very generally in his original complaint that fictitiously named Doe defendants "provided medical care on behalf of Defendant County to inmates." (Dkt. 1 at ¶ 9). For these reasons, Vera Castrejon has failed to establish his claim against

**MEMORANDUM DECISION AND ORDER RE MOTION TO DISMISS - 12**

Defendants relates back to his original complaint, and the two-year statute of limitation bars his action against them.

## III.  ORDER

**IT IS ORDERED that:**

1. Defendants' Motion to Dismiss (Dkt. 37) is **GRANTED**; and

2. Defendants' Motion in Limine/Motion to Strike Re:  Declaration of Jennifer Shrack Dempsey in Support of Plaintiff's Response to Defendants' Motion to Dismiss (Dkt. 42) is **DENIED** as moot.

DATED: May 03, 2024

Amanda K. Brailsford
U.S. District Court Judge